CHASEZ, Judge.
Audubon Insurance Company, the collision insurer of a Thunderbird Ford automobile owned by Mary E. Sledge, instituted this suit as subrogee of the owner for property damages to said vehicle in the amount of $800.20. The defendants in this suit are T. L. James and Company, Inc., National Surety Corporation, insurer of a tractor-trailer truck belonging to T. L. James and Company, Inc., and Eli Hosner, driver of said vehicle. Plaintiffs contend that the proximate cause of the accident which damaged the Sledge vehicle was Hosner’s leaving the truck unlighted partially .parked on the paved portion of the highway, failing to leave sufficient clearance for oncoming traffic and failing to set out flares.
The trial judge found Hosner guilty of negligence in operating his vehicle without tail lights and Miss Sledge contributorily negligent. Plaintiff has appealed from the judgment dismissing its suit.
About 9:30 p. m., on October 3, 1958, on U. S. Highway No. 61 about five miles north of Laplace, Louisiana, an accident occurred when Miss Sledge’s Thunderbird, traveling south toward New Orleans, struck George P. Bradley’s Ford which, moments before, had collided with the T. L. James truck, both of which vehicles had been going south.
This case was submitted on the pleadings, depositions, exhibits and stipulations as to what the testimony of the witnesses would have been had they testified. The trial judge did not hear any of the witnesses.
The record as so presented reflects that when he was about a mile from the scene of the accident, Hosner noted that his engine was heating. Because he felt that the fan belt was slipping, he decided to pufl off the highway onto the shoulder, which according to his statement, he did very slowly. When about half of the trailer was still in the right hand lane, the Bradley Ford hit the truck. After spinning around, the Ford came to rest with its front end on the neutral ground, which separates the two southbound lanes from the two northbound lanes, and its rear in the left lane. All the evidence indicates that there was then insuffi *614 cient room for another car to pass between the Ford and the truck. Moments later the Sledge Thunderbird struck the Bradley Ford.
It is the contention of plaintiff that defendant Hosner was negligent in operating his truck on the highway without lights in violation of LSA-R.S. 32:293, 32:294 and 32:241 and that it makes no difference whether he was moving slowly or actually stopped at the time of the impact by the Bradley car.
Defendants, on the other hand, aver that the failure of Miss Sledge, the operator of the Thunderbird, to keep a proper lookout ahead and to discover the Bradley car and the James truck in sufficient time to permit her to avoid the collision was either the sole cause or at least a contributing cause of the second accident.
Hosner’s testimony is to the effect that both the front and rear lights on his truck were lit at the time the Bradley Ford struck his truck. On the other hand, Bradley, Miss Sledge and another witness traveling in the opposite direction stated that they saw no lights burning on the truck and the police officer who arrived at the scene about 15 minutes after the accident found no flares on the highway, no disc type reflectors on the rear of the trailer and the tail lights not burning.
Miss Sledge testified that she had traveled between 50 and 55 M.P.H. all the way from Baton Rouge; that immediately prior to the accident the bright lights of her car were on and that she was in the left hand lane or the one next to the neutral ground. She further testified that the first knowledge she had of the impending collision was her sighting of fragments of the Bradley car on the highway when she was four or five car lengths away. As soon as she sighted this debris, she applied her brakes. It was her opinion that she hit only the debris. However, the pictures in the record showing the damages to her car are mute evidence clearly indicating that she struck the Ford owned by Bradley and Bradley testified that he felt the impact of the Thunderbird. All witnesses agreed that while it was a dark night, there was no rain nor mist nor other abnormal weather conditions at the time of the collision. They further agreed that the stretch of highway both north and south of the scene of the accident was straight Tor several miles.
Plaintiff attributes Miss Sledge’s failure to see the truck sooner to the darkness of the night, the faded orange color of the truck, its lack of superstructure and its absence of lights. Her failure to see the Ford sooner, plaintiff claims, was due to the fact that it was a convertible with its top torn off, the windshield demolished, the right side completely torn away and the right front wheel knocked off. According to plaintiff’s counsel, it was “flat as a pancake.”
Defendants contend that Miss Sledge’s failure to observe the obstruction of the highway by the Ford and the truck rendered her guilty of negligence which was either the sole cause or a contributing cause of the accident.
Plaintiff urges that the instant case comes under the exception to the general rule, as laid down in Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377, i. e., that a motorist is not negligent if the obstruction is an unexpected or unusual one that the plaintiff had no reason to anticipate.
The trial court found Hosner guilty of negligence and Miss Sledge guilty of contributory negligence.
The first question for our determination is the negligence vel non of the truck driver.
Notwithstanding Hosner’s statement that both his headlights and taillights were lit at the time of the accident, all other testimony in the record contradicts his claim. Bradley could see no taillights as he approached ; a disinterested witness, Candies, traveling north could see no headlights ex *615 cept those of Bradley’s car; and the police officers who arrived at the scene fifteen minutes later found that the taillights on the truck were not burning. Hosner claimed that he discovered that the truck was experiencing mechanical difficulties a mile away from the accident. Yet he traveled that mile before making an attempt to leave the highway and, according to his own statement, proceeded to do so very slowly. Knowing that the night was dark, that he was on a heavily traveled highway on which he could have expected following traffic to reach him momentarily, he should have maneuvered his truck to the shoulder of the road as rapidly as possible. Even though he claimed that his headlights had not dimmed, no one else was able to see any lights on the truck, front or rear.
Furthermore, according to his statement the structural steel on the trailer of the truck extended two feet over the rear end of the truck; if this was a fact it probably interfered with the oncoming driver’s vision of the reflectors if there were any on the trailer. The load on the trailer had no flag nor other warning device which might alert oncoming drivers. There was a stipulation to the effect that if the police officers had been called as witnesses, they would have testified that when they arrived at the scene of the accident, there were no flares on the highway, no disc type reflectors on the rear of the trailer and that the taillights were not lit. They would further have testified that the headlights may have been on but they were so weak they could not be seen very far away. Considering all the evidence in the record, we conclude that the proximate cause of the accident was the failure of defendants to maintain a properly lighted vehicle on a well traveled highway and Hosner’s negligence in failing to move to the shoulder of the highway out of the line of oncoming traffic as rapidly as possible when he realized he was having mechanical difficulties instead of obstructing the highway with an unlighted vehicle while he removed it therefrom at his leisure.
We do not find that Hosner was negligent in failing to set out flares as his truck was hit by the Bradley car while the truck was still in motion or had just stopped. Under the circumstances, there was insufficient time for Hosner to set out flares.
The next question for decision is whether Miss Mary E. Sledge was guilty of contributory negligence. She testified that she was traveling between 50 and 55 M. P.H. immediately prior to the collision. She also stated that her bright lights were burning and that the stretch of highway at that point was straight for about two miles. The night was dark but there were no abnormal weather conditions such as rain, fog or mist. Although it is plaintiff’s contention that the Bradley convertible Ford was “flat as a pancake,” the exhibits in the record reflect that the lower half of the Ford was the same height as before the accident and that the wreckage from the Ford was pushed several feet above the level of the lower half. Furthermore, Miss Sledge was driving her Thunderbird with the headlights on bright and should readily have seen the obstructions ahead. Her testimony that her headlights picked up the debris from the Ford in the road can lead only to the conclusion that there was no reason why she should not have seen both the truck and the Ford obstructing both lanes of the highway in time to avoid the accident had she been keeping a proper lookout. The record fully supports the finding of the lower court that Miss Sledge was contrib-utorily negligent in failing to see the obstruction ahead in time to avoid the collision. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298; and Borne v. Clay, La.App., 144 So.2d 701.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.